UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Alton M. Chisolm**, # 241794, ) | C/A No. 4:06-1957-RBH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| **State of South Carolina**; ) | |
| **Stan Burtt**, Warden of Lieber Correctional Institution; ) | |
| and ) | |
| **Attorney General of the State of South Carolina**, ) | |
| ) | |
| Respondents. ) | |

_____

# *Background of this Case*

This is a habeas corpus action[1] under 28 U.S.C. § 2254.  The petitioner is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC).  According to the petitioner's answers on the first page of the petition, on August 29, 2003, in the Court of General Sessions for Charleston County, the petitioner pled guilty to criminal sexual conduct and lewd act (Indictment Nos. 2003-GS-10-1005 and 1006) and was

---

[1]In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers.  Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

sentenced to eight (8) years in prison. The exhibits appended to the petition indicate that the guilty pleas were Alford pleas,[2] and that the petitioner actually pled guilty to two (2) counts of lewd acts on a minor and one (1) count of failing to register as a sex offender. The criminal sexual conduct charge (Indictment No 03-GS-10-1004) and another lewd act upon a minor charge (Indictment No. 03-GS-10-881) were nol prossed. The return in the PCR case (one of the petitioner's exhibits) shows that the South Carolina Court of Appeals dismissed the direct appeal on August 19, 2004, for failure of service, and on December 30, 2004, denied the petition for rehearing. The remittitur was issued on January 18, 2005, by the South Carolina Court of Appeals.

Other exhibits appended to the petition indicate that the petitioner filed an application for post-conviction relief (Case No. 05-CP-10-267) in January of 2005. The petitioner's PCR counsel submitted a 46-page amended application for post-conviction relief on November 7, 2005. The petitioner's post-conviction case is still pending. The last exhibit is a Court of Common Pleas roster indicating that the petitioner's post-conviction case was set for a status hearing on April 14, 2006, before the Honorable Deadra L. Jefferson, South Carolina Circuit Judge, at 10:00 a.m. in the Charleston County

---

[2] North Carolina v. Alford, 400 U.S. 25 (1970).

Courthouse,[3] with the petitioner's trial counsel (James Smiley, IV) listed as a witness. Another exhibit is a copy of a mandamus petition filed by the petitioner sometime between March 30, 2006, and April 13, 2006.

# *Discussion*

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989);

---

[3] Judge Jefferson was the judge who presided over the guilty plea proceeding. The exhibits submitted by the petitioner do not show if a recusal motion has been filed in the pending post-conviction case. *See* Floyd v. State, 301 S.C. 298, 400 S.E.2d 145, 1991 S.C. LEXIS® 6 (1991): "Accordingly, in all post-conviction relief hearings held after the date of this opinion, a judge shall, *upon motion*, recuse himself if he was the judge who presided at the guilty plea, criminal trial, or probation revocation proceeding for which relief is being sought." Floyd v. State, 301 S.C. at 299, 400 S.E.2d at 146 (italics in original), *overruling* Henry v. State, 275 S.C. 148, 268 S.E.2d 41 (1980).

[4] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, the undersigned is authorized to review such complaints or petitions for relief and submit findings and recommendations to the District Court.

Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[5]  This court is required to construe *pro se* complaints and petitions liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 2254 petition is subject to summary dismissal because state remedies are not

---

[5]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

exhausted. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his convictions, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).

The exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The

5

burden of proving that a claim has been exhausted lies with the petitioner.

The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

In order to exhaust his or her non-direct appeal claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160.  The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal.  Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(*citing* S.C. Code Ann. § 17-27-20(a)(1), (b); and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)).  "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review."  Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428.  The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."  In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief

6

Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990); and State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).[6]

Since the petitioner's post-conviction case is pending, the petitioner still has that pending state court remedy. Indeed, one of the grounds to be addressed by the Court of Common Pleas is ineffective assistance of counsel, which is a ground typically raised in an application for post-conviction relief. *See* Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999); James Harvey Jackson v. State, 342 S.C. 95, 535 S.E.2d 928, 2000 S.C. LEXIS® 180, (2000)(ineffective assistance may be shown in guilty plea proceeding where attorney wrongly advised petitioner that charge was a misdemeanor; charge was, in fact, a felony); Roberts v. State, 361 S.C.1, 2-6, 602 S.E.2d 768, 769-771, 2004 S.C. LEXIS® 218 (2004); and Gene Tony Cooper, Jr. v. State, 351 S.C. 207, 569 S.E.2d 330, 2002 S.C. LEXIS® 136 (2002). In fact, the roster list submitted by the petitioner indicates that his

---

[6]Where a habeas petitioner has failed to exhaust his or her state remedies and the state court would now find his or her claims procedurally barred, further exhaustion is not required. *See* Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 1991 U.S. LEXIS® 3640 (1991); Breard v. Pruett, 134 F.3d 615, 619, 1998 U.S.App. LEXIS® 892 (4th Cir. 1998). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, supra, 105 F.3d at 916 (quoting Coleman v. Thompson, supra, 501 U.S. at 750). This standard has been referred to as a "demanding burden." Townes v. Murray, 68 F.3d 840, 847, 1995 U.S.App. LEXIS® 30789 (4th Cir. 1995).

counsel at the guilty plea proceeding, Mr. Smiley, will be called as a witness in the pending post-conviction case.[7]

If the petitioner's pending post-conviction case is denied or dismissed, the petitioner can file an appeal in the post-conviction case by filing a petition for writ of certiorari. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985).[8]

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-

---

[7] In order to prevail on a claim of the ineffective assistance of counsel, a person in a habeas corpus or post-conviction proceeding must show: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 at 687-694. The second prong of the Strickland test is often called the "prejudice" component. See also Williams v. Taylor, 529 U.S. 362, 146 L.E.2d 389, 120 S.Ct. 1495, 2000 U.S. LEXIS® 2837 (2000).

A state court's finding on a claim of the ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents require this court, under 28 U.S.C. § 2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland v. Washington, supra, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. See Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986)("old" § 2254(d) standard); Williams v. Taylor, supra (standard under Anti-Terrorism and Effective Death Penalty Act); and James v. Harrison, 389 F.3d 450, 452-457, 2004 U.S.App. LEXIS® 23962 (4th Cir. 2004)(applying Williams v. Taylor standard). Hence, with respect to the quality of Mr. Smiley's representation at the guilty plea, findings of fact by a South Carolina court are necessary before the petitioner can seek federal review of his convictions in a § 2254 proceeding.

[8] In 2005, the Supreme Court of South Carolina amended South Carolina Appellate Rule (SCAR) 227 by adding a subsection authorizing transfer of PCR certiorari petitions to the South Carolina Court of Appeals for disposition. See Supreme Court Order 2005-08 (C.O. 08, effective May 1, 2005), Shearhouse Advanced Sheet # 19.

court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

The petitioner's petition for writ of mandamus filed between March 30, 2006, and April 13, 2006, does *not* constitute exhaustion of state court remedies. Durkin v. Davis, 538 F.2d 1037, 1041-1042 (4th Cir. 1976)(petitions for extraordinary relief do not satisfy the exhaustion requirement of 28 U.S.C. § 2254).

Since the petitioner has yet to exhaust at least two (2) viable state court remedies — his pending application for post-conviction relief and, if necessary, an appeal in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies.[9] *See* Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4,

---

[9]As earlier stated, the petitioner's post-conviction counsel submitted a 46-page amended application for post-conviction relief on November 7, 2005. Since the amended application for post-conviction relief has been pending for less than nine (9) months, no inordinate delay has occurred in the pending post-conviction case.

1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* and *without requiring the respondents to file a return* because the petitioner has not exhausted his state court remedies.  *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court

may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  The petitioner's attention is directed to the important notice on the next page.

                                                 Respectfully submitted,

                                                 s/Thomas E. Rogers, III

September 11, 2006                Thomas E. Rogers, III
Florence, South Carolina        United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The petitioner is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
